UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DEREK HART, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| KNOCKERBALL MIDMO, LLC and ATLANTIC SPECIALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | ) | Missouri Circuit Court for the County of Cole |
| | ) | Cause No. 17AC-CC00423 |
| Counterclaim, Cross-Claim, and Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPORTSINSURANCE.COM, SPORTUNDERWRITERS.COM, and MCGOWAN & COMPANY, INC., d/b/a MCGOWAN EXCESS & CASUALTY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Third-Party Defendants. | ) | |

## NOTICE OF REMOVAL

Third-Party Defendant McGowan & Company, d/b/a McGowan Excess & Casualty ("McGowan") for its Notice of Removal of the above captioned action to the United States District Court for the Western District of Missouri, Central Division, under 28 U.S.C. § 1331 and 28 U.S.C. § 1441, states:

1. On or about January 11, 2017, Plaintiff Derek Hart ("Plaintiff") filed an action for personal injuries against Defendant, Knockerball MidMo, LLC, Case No: 17AC-CC00023 ("First Suit.") (See Exhibit A, First Petition filed in Cole County).

2. On or about March 6, 2017, Plaintiff filed a Motion for Default in the First Suit, which was granted on March 31, 2017.

3. On or about July 11, 2017, Plaintiff had a bench trial regarding his damages in the First Suit.

4. On July 13, 2017, the court in the First Suit entered a Final Judgment for Plaintiff against Defendant Knockerball MidMo, LLC in the amount of $44,631,268.99 with interest at the rate of 6.16 percent. (See Exhibit B, Final Judgment filed in Cole County).

5. Plaintiff then filed the current action against Defendants Knockerball MidMo, LLC ("Knockerball") and Atlantic Specialty Insurance Company ("Atlantic") on August 17, 2017 for equitable garnishment in Case No. 17AC-CC00423 ("Current Suit"). Plaintiff claims that Atlantic failed to defend its insured Knockerball, which resulted in the Final Judgment of $44,631,268.99. Plaintiff further pled that because Atlantic acted in bad faith it is liable for these damages over Atlantic's policy limits. (See Exhibit C, Petition filed in Cole County).

6. In the Current Action, Defendant Atlantic then filed a Counterclaim, Cross-Claim, and Third Party Petition on May 21, 2018. In its Third Party Petition, Atlantic asserts numerous claims against McGowan, Sportsunderwriters.com and Sportsinsurance.com including a claim arising under the Racketeer Influenced Corrupt Organizations Act ("RICO"). (See Exhibit D, Atlantic Specialty Insurance Company's Second Amended Answer to Petition for Equitable Garnishment and Counterclaim, Cross-Claim, and Third Party Petition).

7. The above-described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and is one which may be removed to this Court by McGowan pursuant to 28 U.S.C. § 1441(a), in that it is a civil action asserting a claim under RICO which falls under the laws of the United States.

8. "When a civil action is removed solely under Section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

9. Under 28 U.S.C. § 1441(c), "only defendants against whom a claim described in paragraph 1(A) has been asserted are required to join in or consent to the removal under paragraph 1."

10. Accordingly, McGowan has obtained consent from Sportsunderwriters.com and Sportsinsurance.com because they are the only other parties for which the RICO claim was asserted against. Sportsunderwriters.com and Sportsinsurance.com will file consent with this Court as required by Section 1446. Christopher Martin, counsel for Sportsunderwriters.com and Sportsinsurance.com is not admitted in this Court and therefore, could not separately file consent to this Removal with this Court. Accordingly, McGowan has attached an email exchange that evidences that Mr. Martin provided consent to this removal. (See Exhibit F, Email Exchange).

11. In this instance, McGowan may remove this action as a third party defendant because the RICO action against it constitutes a separate and independent action that is removable under the narrow exception permitting third parties to remove lawsuits. The Eighth Circuit has held that in limited circumstances a third-party defendant has a right of removal under § 1441(c). *Lewis v. Windsor Door Co.,* 926 F.2d 729, 733 (8th Cir. 1991) (holding a third-party defendant may not remove unless the third-party claim is separate and independent of the plaintiff's claim). These limited circumstances arise "whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action." *Lytle v. Lytle*, 982 F. Supp. 671, 675 (E.D. Mo. 1997); 28 U.S.C.A. § 1441 (West). In *Mattes v. ABC Plastics*, Inc., 323 F.3d 695, 697 (8th Cir. 2003), the

third party, SBA, removed the case to federal court and moved to dismiss the lawsuit for lack of jurisdiction and failure to state a claim, under Fed. R. Civ. P. 12(b)(1) and (6) which the district court granted. *See also Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.,* 4 F.3d 614, 617–18 (8th Cir. 1993) (holding that "the RTC had the right to remove the entire case, even though it was a third-party defendant, and that a state court could not defeat that right by using a mere procedural maneuver—arbitrarily dividing one case into two separate cases.") *Mattes* provides guidance for this Court demonstrating that third parties may remove in certain circumstances.

12. Atlantic does not merely assert claims connected to the issue of coverage for the underlying loss addressed in the First Suit, but instead asserts that but for the third-party defendants alleged RICO violations, Atlantic never would have issued the policy. The policy issued to Knockerball, protects against a more expansive set of losses than the particular one asserted in the equitable garnishment action. (See Exhibit C, Petition filed in Cole County). Furthermore, Atlantic asserts that this injury is continuous and ongoing. Accordingly, it cannot possibly pertain to only the underlying loss asserted in the First Suit filed by Plaintiff. Rather, the RICO claim could have been, and can be, independently sustained and is not dependent upon the outcome of the First Suit.

13. Since Plaintiff's Petition is an equitable garnishment action while the claim against McGowan under RICO is entirely independent, this Court has original jurisdiction over this cause of action based on federal question and McGowan may remove as a third-party because the RICO claim is a separate and independent claim warranting the limited allowance for removal by a third party. Additionally, this Court may sever any claims not falling under the jurisdiction described in this Removal thereby leaving only the RICO claim to be decided in this Court. 28 U.S.C. § 1441(c).

14. Furthermore, because Atlantic could sustain this action irrespective of the outcome of the underlying claim, this is not a proper third-party petition which further evidences that it is a separate and independent action which should qualify for the exception to preventing third party removals. "Defendant brings in as a third party one who, he claims, 'is or may be liable to him,' if plaintiffs recover on such claim." *Schoneweather v. L. F. Richardson, Inc.,* 122 F. Supp. 692, 694 (W.D. Mo. 1954); *see Mattes v. ABC Plastics, Inc*., 323 F.3d 695, 698 (8th Cir. 2003) ("The SBA raises an initial objection that Stoppelmoor's pleading is not a proper third party complaint because Stoppelmoor has not and could not plead that the SBA is liable to him for all or part of the plaintiffs' claim against him, as required by Fed. R. Civ. P. 14."). "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *Id.* After removal, McGowan will file a Motion to Dismiss the RICO claim for this and other reasons.

15. Additionally, venue is proper in this Court pursuant to 28 U.S.C. Section 1441 and Local Rule 3.2-A(2) because this action was originally filed in The Circuit Court for Cole County, Missouri, which is included in the Court's judicial area.

16. Further, this Notice of Removal is timely under the provisions of 28 U.S.C. Section 1446(b) because McGowan was served with a copy of the original Petition and Summons on June 22, 2018, from which date McGowan has thirty (30) days to file a Notice of Removal.

17. Attached as Exhibit E is the State Court file.

Respectfully submitted,

/s/ Teresa M. Young
Steven H. Schwartz, #36436
Teresa M. Young, #53427
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 Facsimile
sschwartz@bjpc.com
tyoung@bjpc.com

Attorneys for Third-Party Defendant
McGowan & Company, Inc., d/b/a
McGowan Excess & Casualty

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by the Court's electronic filing system on this 23rd day of July, 2018 on the counsel of record listed below. In addition, the undersigned counsel certifies that she has signed the original of this Certificate and the foregoing pleading.

| | |
|---|---|
| Mr. Ron Netemeyer<br>Ms. Jill Harper<br>Harper, Evans, Wade & Netemeyer<br>401 Locust Street, Suite 401<br>Columbia, MO 65201<br>rnetemeyer@lawmissouri.com<br>jharper@lawmissouri.com<br><br>*Attorneys for Plaintiff/Counterclaim Defendant* | Mr. Wilbur L. Tomlinson<br>Mr. Patrick J. Kenny<br>Mr. Clark H. Cole<br>Armstrong Teasdale, LLP<br>7700 Forsyth Blvd., Suite 1800<br>St. Louis, MO 63105<br>wtomlinson@armstrongteasdale.com<br>pkenny@armstrongteasdale.com<br>ccole@armstrongteasdale.com<br><br>*Attorneys for Defendant/Counterclaim, Cross-Claim, and Third-Party Plaintiff Atlantic Specialty Insurance Company* |
| Mr. Matthew A. Clement<br>Ms. Kari A. Schulte<br>Cook, Vetter, Doerhoff & Landwehr, P.C.<br>231 Madison Street<br>Jefferson City, MO 65101<br>mclement@cvdl.net<br>kschulte@cvdl.net | Mr. Daniel E. Tranen<br>Mr. Thomas L. Bell<br>Wilson Elser Moskowitz Edelman & Dicker<br>101 West Vandalia Street, Suite 220<br>Edwardsville, IL 60625<br>daniel.tranen@wilsonelser.com<br>thomasbell@wilsonelser.com |

| | |
|---|---|
| Mr. Christopher P. Rackers<br>Mr. Brad C. Letterman<br>Schreimann, Rackers & Francka, LLC<br>931 Wildwood Drive, Suite 201<br>Jefferson City, MO  65109<br>cpr@srfblaw.com<br>bcl@srfblaw.com<br><br>*Attorneys for Defendant/Cross-Claim Plaintiff Knockerball MidMo, LLC* | Mr. Peter Lauricella<br>Mr. Christopher Martin<br>Wilson Elser Moskowitz Edelman & Dicker<br>299 Great Oaks Boulevard, Suite 228<br>Albany, NY  12203<br>peter.lauricella@wilsonelser.com<br>christopher.martin@wilsonelser.com<br><br>*Attorneys for Third-Party Defendants SportsInsurance.com and SportsUnderwriters, Inc.* |

/s/ Teresa M. Young
Teresa M. Young     #53427

#14487373