# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DEREK HART, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:18-CV-04147-NKL |
| KNOCKERBALL MIDMO, LLC et al., | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court are defendant Knockerball MidMo, LLC's motion to remand or sever, Doc. 22, third-party defendants SportsInsurance.com and SportsUnderwriters.com's motion to dismiss, Doc. 16, and third-party defendant McGowan and Company's motion to dismiss, Doc. 38. For the following reasons, Knockerball's motion to remand is granted, and third-party defendants' motions to dismiss are denied for lack of subject matter jurisdiction.

**I.      Introduction**

In December 2016, Derek Hart sustained severe and permanent injuries at Knockerball MidMo. Hart initiated a lawsuit in state court, claiming that Knockerball was liable. Although Knockerball was insured under a policy issued by Atlantic Specialty Insurance Company, Atlantic did not defend Knockerball in the state lawsuit. Knockerball was found to be in default and a final judgment of $44,631,268.99 was entered.

Hart filed an equitable garnishment proceeding in the Circuit Court of Cole County, Missouri. Pursuant to Mo. Rev. Stat. § 379.200, both Knockerball and its insurer, Atlantic, were named as defendants. Knockerball filed a cross-claim against Atlantic, and Atlantic removed the case based on diversity of citizenship, arguing that Knockerball should be realigned with Plaintiff

1

Hart for the purposes of determining jurisdiction. Concluding that Eighth Circuit precedent did not allow for realignment, the Court remanded the case to state court.

Defendants Knockerball and Atlantic then each filed third-party petitions against McGowan, a broker for Atlantic, and SportsInsurance, the managing general agent for Atlantic. SportsUnderwriters, a company related to SportsInsurance, was also named as a third-party defendant. Knockerball asserts a negligence claim against all three third-party defendants (Count I), breach of contract and bad faith against SportsUnderwriters and SportsInsurance (Counts IV and V), and breach of fiduciary duty and loyalty against McGowan (Counts II and III).[1] Doc. 1-8 (Third-Party Petition), p. 425–35. Atlantic brought the following claims: non-contractual indemnity/common law contribution against McGowan (Count VIII); breach of fiduciary duty, negligence, and breach of implied contract against SportsInsurance and SportsUnderwriters (Counts V, VI and VII); fraudulent and negligent misrepresentation against Knockerball, McGowan and SportsUnderwriters, or in the alternative, SportsInsurance (Counts II and IV); civil conspiracy and Racketeering Influence and Corrupt Organizations (RICO) under 18 U.S.C. §§ 1962 and 1964 against McGowan and SportsUnderwriters, or in the alternative, SportsInsurance (Counts IX and X).[2] Doc. 1-5 (Third-Party Petition), p. 58–77.

On July 23, 2018, third-party Defendant McGowan removed the matter to this Court on the basis of 28 U.S.C. § 1441, asserting that this Court has original jurisdiction over Atlantic's RICO claim and that the RICO claim is a separate and independent action that permits removal by a third-party defendant. McGowan subsequently moved to dismiss the RICO claim, and

---

[1] In the alternative, Knockerball asserted a claim for negligent failure to procure insurance against McGowan (Count VI).

[2] Counts I and III were for rescission based on fraudulent misrepresentation and negligent misrepresentation, respectively, against Hart and Knockerball.

SportsInsurance and SportsUnderwriters moved to dismiss all claims asserted against them by Knockerball.

Knockerball argues the entire case should be remanded because 1) McGowan is not a "defendant" for purposes of Section 1441, 2) third-party petitions cannot establish "arising under" jurisdiction, 3) the RICO claim is not separate and independent, and 4) McGowan failed to secure consent to removal from all the defendants. Doc. 23, p. 3–4. Alternatively, Knockerball argues the state law claims should be severed and remanded. Doc. 23, p. 9–10. Atlantic opposes the motion to remand to the extent it results in severance of Atlantic's state law claims and argues that its state law claims are within this Court's supplemental jurisdiction. Doc. 34.

## II. Discussion

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Therefore, removal statutes are strictly construed. *See Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, and all doubts about federal jurisdiction must be resolved in favor of remand." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015) (citations omitted).

McGowan, a third-party defendant, seeks removal under 28 U.S.C. § 1441(c). [3] Subsection (c) of that statute provides as follows:

> Joinder of Federal law claims and State law claims.—
> (1) If a civil action includes—
>     (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

---

[3] McGowan initially cites Section 1441(a) and Section 1441(c) in its Notice of Removal (Doc. 1, ¶¶ 7–8), and separately cites Section 1441(a) in its motion to dismiss (Doc. 38). However, the majority of the Notice of Removal and the entire response in opposition is premised on Section 1441(c). *See* Doc. 1, ¶¶ 9–14; Doc. 42, p. 1.

> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c) (2011).

Thus, § 1441(c) only applies when an action contains both a federal claim, and a claim that is either outside the original or supplemental jurisdiction of the district court or is otherwise non-removable by statute. A claim is within a district court's supplemental jurisdiction if it is "so related" to a federal claim that it forms "part of the same case or controversy under Article III." 28 U.S.C. § 1367. Two claims arise from the "same case or controversy" if they derive from a "common nucleus of operative fact." *ABF Freight Sys., Inc. v. Int'l Bhd. Of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011).

Here, all the state law claims in this cause of action are within the supplemental jurisdiction of the Court. The RICO claim alleges that the third-party defendants conspired to defraud Atlantic during the insurance procurement and underwriting process, and then attempted to conceal their scheme by preventing Atlantic from getting notice of Mr. Hart's claim against Knockerball. All of the state law claims, including the garnishment claim, arise out of the same core of operative facts, i.e., the procurement of the insurance policy and Atlantic's failure to defend Knockerball. Therefore, even if the RICO claim can satisfy Section 1441(c)(1)(A), no claim satisfies Section 1441(c)(1)(B).

Further, the well-pleaded-complaint rule suggests that removal is not proper. Section 1441(c)(1)(A) defines federal questions as those "within the meaning of section 1331." "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for the

purposes of § 1331." *Holmes Grp., Inc. v. Vornando Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (holding that a counterclaim could not establish federal jurisdiction). Section 1441(c)(1)(A) therefore requires that a claim in the plaintiff's well-pleaded complaint, not claims in a defendant's third-party complaint, serve as the basis for federal jurisdiction. *See Cross Cty. Bank v. McGraw*, 321 F. Supp. 2d 816, 823 (S.D.W.V. 2004) (reasoning "Congress' explicit incorporation of § 1331 into § 1441(c) is also an implicit incorporation of the well-pleaded complaint rule . . .").[4] Here, the RICO claim was asserted by a defendant in a third-party petition, not by the plaintiff in the complaint. Therefore, the RICO claim does not satisfy the well-pleaded-complaint rule.

This interpretation is strengthened when Section 1441(c) is read in the context of the rest of Section 1441. Section 1441(c)(2) specifies that "[o]nly defendants against whom [a claim within the meaning of section 1331] has been asserted are required to join in or consent to removal . . . ." The Supreme Court has interpreted "defendant or defendants" in a removal statute to include only original defendants, reasoning that Congress deliberately limited removal by replacing "either party" with "the defendant" and "[d]ue regard" for the states called for "strict construction" of removal statutes. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106–09 (1941).

---

[4] Other courts have also applied *Holmes* and the well-pleaded-complaint rule to Section 1441. *See, e.g., City of Paragould v. Watkins*, No. 09-00172, 2012 WL 3637924, at *1 (E.D. Ark. Aug. 23, 2012) (reasoning that *Holmes* bars removal by plaintiffs, cross-defendants and third-parties); *Mut. Pharm. Co., Inc. v. Goldman*, No. 12-0815, 2012 WL 2594250, at *2 (E.D. Pa. July 3, 2012) (limiting § 1441(c) to claims in plaintiff's complaint); *Palmer v. Univ. of Med. & Dentistry of N.J.*, 605 F. Supp. 2d 624, 630–33 (D.N.J. 2009) (holding that *Holmes* bars removal by cross-claimant); *Unifund CCR Partners v. Peak*, No. 06-00919, 2006 WL 2583658, at *2 (E.D. Ark. Sept. 7, 2006) (holding that well-pleaded-complaint rule and *Lewis* preclude third-party removal).

Other removal statutes illustrate what a broad removal statute looks like. Only a few months before amending Section 1441(c) in 2011, Congress added Section 1454 to allow "any party" to remove "a civil action in which any party asserts" a patent, plant variety protection or copyright claim. Pub. L. No. 112-29, § 19(c)(1), 125 Stat. 332 (2011). Section 1454 omits any reference to "defendants." 28 U.S.C. § 1454(a)–(b)(1). Within Section 1441, foreign states are permitted to remove actions "against" them, without regard to the state's status as defendant or third-party defendant. 28 U.S.C. 1441(d). Federal officers and agencies can remove actions "against or directed to" them even if that action is "ancillary to another proceeding." 28 U.S.C. § 1442(a), (d)(1).[5] Thus, Congress has clearly intended to expand removal in some circumstances. Had Congress intended to do so in Section 1441(c), it would have used "appropriate language to express that intention." *Shamrock*, 313 U.S. at 107.

Finally, applying an earlier version of Section 1441(c), the Eighth Circuit ruled that a third-party defendant, like McGowan, cannot remove a case under Section 1441(c), unless the Plaintiff has joined a claim against the third-party defendant. *Lewis v. Windsor Door Co.*, 926 F.2d 729, 732–33 (8th Cir. 1991). The Eighth Circuit cited with approval, Professor Moore's statement that "'[r]emoval on [the basis of a third-party] claim is too much akin to the tail wagging the dog. Moreover, third-party claims in one view are too ancillary to the main action to be classified as separate and independent claims.'" *Id.* at 733 (quoting 1A Moore's Federal Practice ¶ 0.167[10]

---

[5] Congress has also tailored jurisdictional grants to and removal power for specific federal entities specifically by altering when the well-pleaded-complaint rule or the entity's position in litigation is material. *Compare* 12 U.S.C. § 1819(b)(2)(A)–(B) ("all suits . . . to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States. . . . the [FDIC] may . . . remove any action, suit, or proceeding . . .") *with* 22 U.S.C. § 290g-6 ("any such action to which the [African Development Fund] shall be party shall be deemed to arise under the laws of the United States . . . . When the Fund is defendant in any action in a State court, it may . . . remove such action . . . .").

(2d ed. 1990)). The Eighth Circuit explained that it "[did] not believe the remote, ancillary possibility of a third-party claim not yet matured can constitute a basis for removal of a third-party claim which is not separate and independent of the plaintiff's claim." *Id.*

Relying on the "separate and independent" language in *Lewis*, McGowan argues that this case is removable because Atlantic's RICO claim raises a federal question and the RICO claim is a separate and independent claim from the state law claims in the case. However, the third-party RICO claim against McGowan is not a separate and independent claim for the same reason the third-party claim in *Lewis* was not separate and independent. *Lewis* therefore does not permit a third-party defendant to remove under the circumstances of this case.

Further, section 1441(c) was amended after the *Lewis* decision to remove the reference to "separate and independent" claims and to include instead the term "supplemental jurisdiction." *See* Pub. L. No. 112-63, § 103(a), 125 Stat. 759 (2011).[6] As previously explained, all of the claims in this garnishment cause of action, including the RICO claim, arise out of the same core of operative facts and are within the supplemental jurisdiction of a district court. Whether analyzed under the old or new version of 28 U.S.C. § 1441(c), or *Lewis*, McGowan has failed to show that there is a basis for removal to the federal court and the cause of action must be remanded.

**III. Conclusion**

For the foregoing reasons, Knockerball's motion to remand, Doc. 22, is granted, and the third-party defendants' motions to dismiss, Doc. 16 and Doc. 38, are denied for lack of jurisdiction.

---

[6] At the time *Lewis* was decided, Section 1441 (c) provided in relevant part: "Whenever a *separate and independent claim or cause of action*, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." 28 U.S.C. § 1441(c) (1988) (emphasis added).

<pre>                                             s/ Nanette K. Laughrey
                                             NANETTE K. LAUGHREY
                                             United States District Judge</pre>

Dated: October 15, 2018
Jefferson City, Missouri